IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| **MICHAEL D. WILLIAMS,** | )<br>) |
| Movant, | )<br>) |
| v. | ) Civil Action No. 2:18-00264 |
| | ) Criminal Action No. 2:19-00909 |
| **UNITED STATES OF AMERICA,** | )<br>) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody[1] (Document No. 47), filed on December 26, 2019. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 48.)

**FACTUAL BACKGROUND**

**1.    Criminal No. 2:14-00184:**

On December 19, 2018, Movant pled guilty to a one-count Indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (Criminal Action No. 2:18-00264, Document Nos. 14 and 15.) A Presentence Report was prepared.

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Id., Document No. 37.) The District Court sentenced Movant on May 23, 2019, to serve a 63-month term of imprisonment to "run consecutively to the 9-month term of imprisonment imposed in Criminal No. 2:13-00270 upon revocation of the defendant's term of supervised release." (Id., Document Nos. 30 and 34.) The District Court further imposed a three-year term of supervised release and a $100 special assessment. (Id.)

On June 5, 2019, Movant, by counsel, filed his Notice of Appeal. (Id., Document No. 31.) Movant's counsel filed his Docketing Statement on October 21, 2019. United States v. Williams, Case No. 19-4743 (4th Cir.), Document No. 6. The Fourth Circuit entered the "Transcript Order Acknowledgment" on October 21, 2019, setting forth a deadline for the Court Reporter to file the transcripts for Movant's sentencing hearing. Id., Document No. 7. On November 20, 2019, the Fourth Circuit entered its Briefing Order. Id., Document No. 8. On December 26, 2019, counsel filed Movant's Brief. Id., Document No. 9. In his Brief, counsel argues that the District Court "erred in finding that the defendant had suborned the perjury of Teylonnie Robertson at his Preliminary Hearing." Id. On December 26, 2019, Movant, acting *pro se*, filed a letter with the Fourth Circuit. Id., Document No. 16. First, Movant appears to argue that he was improperly denied a sentencing reduction for acceptance of responsibility. Id. Second, Movant appears to complain that his trial and appellate counsel (Michael Payne) has acted ineffectively and "I think I may need a new lawyer." Id. Movant's appeal is still pending before the Fourth Circuit.

**2.   Section 2255 Motion:**

On December 26, 2019, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 2:19-0090, Document No. 47.) As grounds for *habeas* relief, Movant asserts the following: (1) Movant

was subjected to malicious prosecution based upon the preparation of two Presentence Reports; and (2) The District Court improperly denied Movant a sentencing reduction for acceptance of responsibility. (Id.) As relief, Movant requests as follow: "That I be sentenced from the first PSR, and given my acceptance of responsibility, and to strike the obstruction for I have done nothing that constitutes obstruction in my case." (Id.)

## DISCUSSION

Absent extraordinary circumstances, the Court should not consider a Section 2255 Motion while a direct appeal is pending. Bowen v. Johnston, 306 U.S. 19, 26-27, 59 S.Ct. 442, 83 L.Ed. 455 (1939)("[T]he rule is not so inflexible that it may not yield to exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent. Among these exceptional circumstances are those indicating a conflict between state and federal authorities on a question of law involving concerns of large importance affecting their respective jurisdictions."); Walker v. Connor, 72 Fed.Appx. 3, 4 (4th Cir. 2003)(noting that a Section 2255 motion would have been premature because petitioner's direct appeal was still pending); Davis v. Scott, 176 F.3d 805, 807 (4th Cir. 1999)("[T]he application purported to seek relief pursuant to 28 U.S.C. § 2241 when it should have sought relief under 28 U.S.C. § 2255; and the application was premature because Davis's direct appeal was still pending at that time."); United States v. Davis, 604 F.2d 474, 484-85 (7th Cir. 1979)("Ordinarily a Section 2255 action is improper during the pendency of an appeal from the conviction."); Womack v. United States, 395 F.2d 630 (D.C. Cir. 1968)("A motion under Section 2255 is an extraordinary remedy and not a substitute for a direct appeal. Moreover, determination of the direct appeal may render collateral attack unnecessary."); Kiser v. United States, 2010 WL 4780376 (S.D.W.Va. Nov. 16, 2010)(J. Copenhaver)(finding that "Movant may

3

not avail himself of collateral relief prior to the final adjudication of his direct appeal."); Rendelman v. United States, 2008 WL 2945559 (D.Md. July 28, 2008)("Absent extraordinary circumstances, a district court is precluded from considering a § 2255 motion while review of a defendant's criminal case on direct appeal is pending."), affd., 308 F.Appx. 685 (4th Cir. 2009). The undersigned concludes that Movant's Section 2255 Motion fails to present extraordinary circumstances compelling this Court to consider his Motion during the pendency of his direct appeal. Of course, Movant may refile his Section 2255 Motion after his appeal proceedings are completed.[2] See United States v. Gardner, 132 Fed.Appx. 467, 468 (4th Cir. 2005)(finding that movant did not need authorization to file a successive Section 2255 motion where his first Section 2255 motion was dismissed as premature due to his pending direct appeal); Villaneuva v. United States, 346 F.3d 55, 60 (2nd Cir. 2003)(finding that a Section 2255 Motion dismissed as premature

---

[2] Pursuant to the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255, motions for *habeas* relief filed under Section 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." The one-year limitation period begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

Since Movant's direct appeal is ongoing, the undersigned notes that his conviction is not yet became final, and the one-year limitation period has not yet started to run.

does not trigger the successive petition bar). Accordingly, the undersigned recommends that Movant's Section 2255 Motion be dismissed without prejudice.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 40) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v.

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: January 13, 2020.

Omar J. Aboulhosn
United States Magistrate Judge